■ In the Matter of the Claim of JEFFREY JOHNSON, Appellant. COMMISSIONER OF LABOR, Respondent. [708 NYS2d 756] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, employed as a service agent for a mail delivery company, was discharged from his employment after violating his employer's absence policy. The record reveals that charges were brought against claimant and that he had been advised to come in for a meeting to discuss this with his supervisor. Claimant failed to contact his supervisor as requested and thereafter failed to attend a scheduled meeting. At the hearing, claimant stated that he knew about the scheduled meeting, but chose not to contact the employer, despite being aware that the employee handbook required him to notify his employer regarding his absences. We conclude that substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant lost his employment under disqualifying circumstances. An employee's knowing violation of an employer's established policies and procedures can constitute disqualifying misconduct (*see, Matter of Greer [Commissioner of Labor]*, 257 AD2d 944; *Matter of Egelberg [Sweeney]*, 244 AD2d 684).

Cardona, P. J., Spain, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.